The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable James A. Kinect presiding. This is our case number 4250091 A. Neumann & Associates, LLC v. Marmelo & Rudy & Sons. Would the appellant please state your name for the record? Good afternoon, Your Honor. Anthony Schering on behalf of the appellant. Thank you. And for the appellee, Mr. Bielofsky? Douglas Bielofsky for the appellees. You may proceed, Mr. Schering. Thank you. Good afternoon, Your Honors. And may it please the Court, I would like to reserve three minutes for rebuttal. My name is Anthony Schering, and as I said, I represent the appellants in this case, Rudy Marmelo & Rudy & Sons, Incorporated. We're asking this Court to reverse the Circuit Court's decision below, which was to deny a stay under the Uniform Enforcement of Foreign Judgments Act, and remanded the Circuit Court with instruction to enter a stay under the UEFJA, pending a complete resolution of the New Jersey proceedings from which this purported final judgment arose. Starting first with the request that the Circuit Court's order be reversed, we're asking this Court to grant that relief because the Circuit Court abused its discretion in denying a stay under the UEFJA. The Circuit Court abused its discretion specifically by misapplying the law in two key respects. First, the order that the Circuit Court construed as being a final judgment does not resolve, nor even mention, the cross-claims that remain pending in the New Jersey proceedings from which this order arose. On this point, Illinois law is clear and unequivocal. If an order is intended to operate as a final judgment, it must either terminate the litigation on the merits and determine the rights of all parties, or it must contain a finding under Supreme Court Rule 304a that there is no just reason for delaying enforcement or appeal of the order. In this case, it is undisputed that the purported final judgment does not do either. It does not even mention the cross-claims that remain pending, nor does it contain any language that could satisfy Rule 304a. Instead, it focuses solely on the merits of the claims against the appellants, and the appellees take that and interpret that to mean that neither of those requirements under Illinois law had to occur for this judgment to be final. Instead, they assume that the order is final and criticize the appellants for not appealing an unappealable interlocutory order. But this criticism is misguided because the order at issue in this case is in fact unappealable and interlocutory. It does not resolve all claims between all parties, nor does it contain anything resembling Rule 304a language. And as a result, the Circuit Court misapplied the law by not recognizing those infirmities and instead choosing to treat a facially deficient order as a final judgment. The Circuit Court's conclusion was further flawed because it relied on labels and magic words in purported final judgment to reach the conclusion that an unappealable interlocutory order was actually final and enforceable. And that was the second misapplication of the law. Illinois law on this topic is equally clear and unequivocal. The substance of a court filing is what matters, not the labels that are applied to it. This court said it best in R&G Incorporated versus Midwest Regional Foundation for Fair Contracting. A court, quote, should examine the substance of a document to determine how it should treat that document. Other districts have applied this same canon of construction to court orders specifically. The second district in Gold versus Klobundy explained that the test as to whether an order is final and appealable is not one of mere words but of substance and intention. And yet the Circuit Court did not apply this widely acknowledged standard. It relied on mere words. The Circuit Court ruled that the purported final judgment, quote, appears to be final in no small part because it, quote, uses the word final. And the Circuit Court used this justification on two occasions in the same hearing. So there can be no misinterpretation as to what the reasoning was and what the basis was. The Circuit Court saw the label final judgment, took that label at face value, and relied on that label to reach a specific conclusion. And the Circuit Court should not have done that because it cannot do that under Illinois law. So those are the two primary bases for requesting reversal. The Circuit Court misapplied the law by ruling that this non-final interlocutory order was actually a final enforceable judgment. And it relied on the labels within the document to reach that conclusion. And so for that reason, the Circuit Court has abused its discretion and its ruling must be reversed. I'm going to ask you to do something that we don't often do and that is go outside the record. Tell me what's happening in New Jersey. The cross claims remain pending in New Jersey. I, without getting into specific conversations that I've had with my client, I don't know that I can get into an extreme amount of detail, but they are alive, they are pending, and I expect some of the Appellee's argument to be that the appellants aren't doing anything with this, that there's nothing happening with them. I guess the anticipatory response I would give to that is you can't solely look at a system of litigation and still waters run deep. Well, let me ask you this question. Would you be in a position to ask the court in New Jersey to clarify what it meant by a final judgment? Would we be in a position to do that, Your Honor? Well, if that's a mistake, and that's the basis that you suggest to trial court, one of the bases that trial court relied upon, that seems like a simple fix. Correct. It's a simple fix for both parties. If the Appellees are so insistent on enforcing this judgment now, they can do exactly what they've done previously, and this is in the record. This appeal is on the second iteration of this same lawsuit. The first iteration was brought in federal court. We raised a procedural defect in federal court, and they responded by moving to dismiss the federal proceeding in favor of this one. Correct. It should be. Granted, I'm not licensed in New Jersey, but I would assume it'd be an easy fix, and respectfully, Your Honor, I would submit that it's not our job to fix that deformity. If the Appellees want an enforceable judgment, and they want to be able to assert their rights, then it's incumbent on them to address infirmities in the judgment that they are trying to enforce. Thank you for sharing. This is a related question, and you may not be able to answer it since you just told me you're not licensed in New Jersey, but does New Jersey have similar 304 language that makes their judgment final and appealable? Your Honor, I can answer that one because even though I am not licensed in New Jersey, my Westlaw account covers New Jersey. The state of New Jersey does have similar language to 304. It has a parallel that is, I think, almost verbatim, if not very close. The same requirement exists in the state of New Jersey. We address this pretty extensively, I think, in our reply brief that this 304A requirement that Illinois courts consistently apply is not something that's unique to us or to the state of New Jersey. If the New Jersey court or the Appellees wanted an enforceable judgment here that acknowledged the pending nature of the cross claims, they can ask for that language to be added just as easily as we can, and I would submit to the court that it's incumbent on them to do it because it's their judgment. I asked you a question at a time that I wasn't sure that you were done with your presentation. You'll have to tell me about that. Do you have further that you wish to argue? I do, Your Honor, and I apologize if I missed the question while I was presenting. The second portion of our requested relief is that this matter be remanded to the circuit court with instruction to enter a stay pursuant to section 12-654 of the UEFJA, and this relief is warranted because the circuit court's ruling that a stay should be entered in this matter inherently requires a conclusion that the appellants made a sufficient showing to have a stay entered under the UEFJA. So, for some context, the circuit court's ruling in this case was that a stay of proceedings was warranted as relief for one of the bases of dismissal that was advanced by the appellants. We argued that dismissal was appropriate under 2619-A3 because the Appellees were seeking enforcement of the same judgment in federal court while also litigating in circuit court. The circuit court agreed with us and granted the motion as to the legal basis, but did not grant the relief requested. We requested dismissal. We received a stay. The problem with this ruling is that the standard for a stay is consistent. The move-in must make out a clear case for hardship or inequity in being required to go forward. The UEFJA adds an additional condition that the basis for the stay must be that the appeal of the underlying judgment is or will be taken, and we explained in our briefing that we intend to take an appeal in the New Jersey proceedings once the cross claims are resolved, so that condition was satisfied and there was no evidence presented to contradict that assertion. So, that leaves only the required showing regarding the inequity or the hardship in moving forward. Here, the only way the circuit court was able to reach its conclusion that a stay is warranted under 2619-A3 is to conclude that the appellants made a sufficient showing of hardship or inequity in moving forward. The circuit court, if you read the record of proceedings along with the order that was issued, did not rule that the appellants failed to make a sufficient showing of hardship or inequity. And so, as a result, the stay under section 12-654 of the UEFJA should have been granted. I think the best illustration of this, of the logic here, is in our opening brief, where the case, I believe it's Weigel, W-E-I-G-E-L versus O'Connor, is discussed. There, the circuit court ruled that some business records should be given to the plaintiff for inspection, while other categories should not, with the logic that the plaintiff had not demonstrated a proper purpose as to inspecting those categories of records that were denied. The appellate court reversed and remanded, and in doing so, the court explained that the evidence of the proper purpose was, in fact, the circuit court's ruling, which granted the plaintiff access to some of the records being requested. While this case, admittedly, has nothing to do with inspecting business records, the Weigel Court's logic applies full freight to the circuit court's ruling in this case. The conclusion that a stay is warranted is evidenced by the fact that the court did, in fact, enter a stay in this case. And since the appellants explain they intend to appeal once the cross claims are resolved in the New Jersey proceeding, the requested stay under the UEFJA was warranted and should be entered. And if there are no further questions, Your Honor, I will save the remainder of my time for rebuttal. I see no further questions. Thank you, and we'll hear from you on rebuttal. For the appellee. You're muted, Mr. Polofsky. I apologize for that. Now, may it please the court. I'd like to begin by pointing out the limited scope of review this court has in this appeal. This is an appeal under Rule 307 of the denial of a stay. What the appellants are seeking here is a backdoor appeal of the trial court's denial of their Section 2619A-9 motion to dismiss the registration of the judgment on the grounds that it was not final. And the majority of their briefing and the majority of their argument is devoted to this argument that somehow the final judgment entered in New Jersey, that the New Jersey court has ordered enforcement of, is not final. That is beyond the scope of the court's review here today. This court cannot reach the issues that arose independently from the denial of the stay, like the finality of the judgment entered in New Jersey. The standard, moreover, the standard of review here is an abuse of discretion. And we cannot say that the trial court abused its discretion, even if the finality of the New Jersey judgment is at issue, because the circuit court considered what limited evidence was before it of the proceedings in New Jersey, including the post-judgment proceedings where an arrest warrant was issued for one of the judgment debtors for failing to comply with post-judgment information requests. And there's no base to say that the circuit court abused its discretion in relying upon that. Now, the thing that the appellants have conveniently ignored in this appeal and in their argument this afternoon are the specific requirements of Section 2-654 of the Uniform Enforcement of Foreign Judgments Act. Section 654 provides two bases for a stay. The first in subsection A says that if the judgment debtor shows the circuit court that an appeal from the foreign judgment is pending or will be taken, the court shall stay enforcement of the foreign judgment upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered. Now, we know that no appeal is pending, and the appellants claim that no appeal can be taken because they claim that the judgment is not final. Of course, we disagree with that, and the time period under the New Jersey rules for appealing the final judgment, or even taking an interlocutory appeal, has long since passed. As we cited in page 10 of our response brief, New Jersey has a short time period, 20 days, for the judgment debtors to file an application for leave to appeal an interlocutory order. So, it's way too late for them to appeal the final judgment. Moreover, they have not presented any proof that they furnished the security for the judgment required by the state in which it was rendered. So, even if you buy their argument that they're going to appeal the judgment someday, somehow, which they've offered no showing of, not even an affidavit, they have not offered any proof that they furnished the security for the satisfaction of the judgment. So, under subsection A, there is no basis for a stay of the enforcement of the New Jersey judgment. And I'd like to take a little detour now and address counsel's arguments that they're just waiting for something to happen in New Jersey to render this judgment appealable. In answer to one of your questions, what's going on in New Jersey, the answer is nothing. And what's important to note is that when the judgment creditors were seeking enforcement of what's called litigants' rights in New Jersey, on July 11 of last year, the judgment debtors submitted a letter brief making the very same arguments they're making here. It's premature to enforce this judgment because there's these cross-claims that are still pending. And having made that argument to the New Jersey court, the New Jersey court said, no, the judgment debtor should have complied with the post-judgment information request, and I'm issuing an arrest warrant for one of the judgment debtors. And that arrest warrant was issued on July 25 of last year. Now, I don't purport to be any more of an expert on New Jersey appellate jurisdiction or procedure as anybody else on this Zoom call. But it seems to me that if an arrest warrant has been issued for a judgment that that would be grounds for an appeal. Right then and there, judgment debtors saying, I shouldn't be arrested. This judgment isn't enforceable. No appeal was taken. No motion was filed for reconsideration of either the entry of the underlying judgment to say it's not final. No appeal was taken. No application for an interlocutory appeal was submitted after the arrest warrant was issued. The litigants in New Jersey, the judgment debtors in New Jersey are simply sitting on their hands and using the inaction in New Jersey to try to obtain a stay here in Illinois of a judgment that is presumed to be valid. Under the Uniform Enforcement of Foreign Judgments Act, the New Jersey judgment is presumed to be valid. And the judgment debtors have offered nothing to overcome that presumption, other than submitting some pleadings that were that were filed years ago, and simply asking this court to guess as to what may or may not be happening in New Jersey. The judgment is valid. It's enforceable. The New Jersey judge has ordered the enforcement of the judgment after hearing the exact same arguments made here today about the finality of the judgment. And we included the letter brief that was submitted to the New Jersey court in our appendix at page A14 of the appendix. And at the end of the first paragraph, they say for reasons briefly set forth herein, plaintiff's motion should be denied as premature and procedurally improper. And then they go on to explain how there are these pending claims that should preclude the enforcement of the judgment. The New Jersey judge rejected that argument, and the trial court below relied upon the decision of the New Jersey judge in denying the stay here. Now, turning back to section 2-654, there is a second ground for a stay. And that is, if the judgment debtor shows any ground upon which enforcement of a judgment of an Illinois court would be stayed, the court shall stay enforcement of the foreign judgment upon requiring the same security for satisfaction of the judgment which is required in this state. Now, the judgment debtors here claim that because a stay was entered under a different provision of section 2-619 because of the pendency of proceedings in the federal court, that a stay should be entered under 2-654B, even though the standards are completely different. Also, it's uncontroverted that the proceedings in the federal court have been dismissed. So, no basis for the stay, there's no longer any basis for the stay that the circuit court entered in January, and certainly no basis for a stay based on the pendency of the federal court proceedings now. And then there's that second requirement that the appellants conveniently refuse to address, which is the requirement of security for satisfaction of the judgment. They're not offering any proof under subsection A that they have posted security in New Jersey, and they don't want to talk about posting security in this state. They have offered no authority for the novel idea that you can stay enforcement of a judgment because it's unenforceable. There's no law, there's no rule. We could easily come up with a variety of ways, if this was an Illinois judgment, to attack it for being unenforceable. A motion under section 2-1401, a motion for reconsideration, a motion to vacate. If it's an interlocutory order, it's always open for reconsideration. So, they could have gone to court in New Jersey, especially when one of them was having an arrest warrant issued for them and said, hey, vacate that order, modify the order, it's not final. They didn't do it. They're not going to do it because they want to be able to say in this court and any other court where we register the judgment that there are these pending claims to New Jersey and we can't enforce the judgment. And they're doing nothing in New Jersey, and they're going to do nothing in New Jersey because they just want to buy themselves a stay, which they've done. The collection proceedings in Brown County have been stayed since January 7. They were, when the judgment was pending in federal court, they were stayed in federal court based on this concept that the judgment's unenforceable. The judgment debtors have bought themselves a stay simply by saying, without any showing, any proof, any affidavit, that we're going to appeal this judgment just as soon as it becomes final. And by the way, we're doing nothing to make it final. If you look at the transcript of the lower court's proceedings in January, when the judge issued the stay because of the pendency of the federal court and denied the stay under the Uniform Enforcement of Foreign Judgments Act, when he was addressing the stay under the UEFJA, he said, and this is page 34 of the transcript, I don't find that a stay would be appropriate under the Uniform Enforcement of Judgments Act just by saying there will be an appeal. On the next page, he says, clearly quite a bit of time has gone by. I have serious questions about whether an appeal would even be allowable. There's no basis to say that's an abuse of discretion. And then on the same page, page 35 of the transcript, he addressed the motion to dismiss under 2619A9, which was the judgment debtors' argument that the judgment wasn't final. And what the circuit court said was, and the way that the judge responded to the subsequent attempt to collect in New Jersey further would support the court's finding that that was intended to be a final judgment. So the circuit court was clearly relying upon the New Jersey court's decision on enforcing litigants' rights and issuing an arrest warrant to one of the judgment debtors. You cannot say that it was an abuse of discretion to rely upon the New Jersey court's determination about the validity and enforceability of its own judgment. There's no basis for this court or the circuit court to disagree with the New Jersey court's interpretation of its own judgment. And in conclusion, I would like to briefly go over the relief that we're seeking here because there have been issues that have arisen in the circuit court about jurisdiction. Of course, we're asking that the circuit court's denial of a stay under the Uniform Enforcement of Foreign Judgments Act be affirmed. We are asking that the stay that was entered pending the outcome of the federal court proceedings be vacated. The circuit court doesn't believe it has jurisdiction to vacate that because of the appeal. The federal court proceedings have been dismissed for months, so that stay should be vacated. And finally, as we stipulated very early on in this appeal, a part of the judge's opinion on January 7 was to enjoin the judgment debtors' transfer of their real estate. That was entered pending our request for the entry of a Membranum of Judgment. We've stipulated that that injunction should be vacated, so we believe that the circuit court be instructed to vacate the stay of proceedings pending the outcome of the federal court proceedings, vacate the injunction that was entered on January 7, and obviously proceed with the collection efforts under the EUFJA. And if there's no more questions, I'll be done. I see no questions. Thank you, counsel. Mr. Schering in rebuttal. Yes, Your Honor. Thank you. I want to start with what counsel just ended on, because one of the things that opposing counsel is requesting is the vacation of an injunction that prohibits the which is the real estate is, at least my understanding, is kind of the primary asset that they are seeking is real estate that he owns in Brown and Adams County. That sounds like sufficient security to me. An injunction that prohibits us from disposing or dispensing with any real estate that we currently own. We haven't argued that we need any security to be posted in this instance. Number one, because it's an interlocutory order, it's not a final judgment. And number two, because there is an injunction against my client, which we have not appealed and is not a part of this appeal that prohibits him from selling any real estate that he owns. And for what it's worth, we've interpreted that to mean further encumbering. So the security is in the form of the portion of the order that we are not appealing or asking be appealed. The appellee is. So now we're in this unique scenario where the appellee is requesting that the court take out this portion of the order that gives them the security they need for a stay, while at the same time arguing that there's no security for a stay. That does not make any sense. It's circular and self-defeating. So this notion that we have somehow conveniently ignored something, it could not be further from the truth. We're not hiding the ball with respect to any provision of the statute or our actions. There's an unappealed portion of the order that gives the security that the appellees want. While we're on the topic of what was said in the January 7th order, which counsel for the appellee raised this, I want to read. There was a quote that he cited to on page 35 of the transcript that was only about a third of the sentence. And so I'd like to read the whole sentence just so the court has context. It starts with, I do not find this an appropriate reason to dismiss the filing of a foreign judgment because based on what's been presented to me, and again, the argument here is that it's final, certainly that judgment appears to be final, it uses the word final, and the way that the judge responded to the subsequent attempt, and that's where the quote from the appellee goes in. So the primary basis in the circuit court's logic was not based on how the New Jersey court responded to this motion. It was, well, it says final, sure it looks final. That does not make it a final order. That is arguably some of the best evidence we have that the circuit court improperly elevated form over substance in this matter. As to the argument that the court somehow cannot find an abuse of discretion here, I'll cite, this is one of the instances where we reference it in our opening brief is on page seven. We cite in CHOPPA, which is the second district decision from 2022, and this is a quote, an abuse of discretion exists when, among other things, the trial court applies an improper legal standard. We then cite a 2023 third district case that says, the quote of it kind of in context is under an abuse of discretion standard, the court may reverse, quote, when the circuit court applies an incorrect legal standard in making its decision. An abuse of discretion is demonstrated by the wrong law being applied. And that is exactly what happened here. And with respect to this argument that we are somehow trying a backdoor appeal of our dismissal of the denial of our to dismiss, your honors, that's just not accurate. The reference to 619A3 was to provide context for the stay, and that was it. We did not raise our basis for dismissal under 619A9. The Appellees did. So we're not trying to backdoor a review of a motion to dismiss. May I finish my sentence, your honor? Yes, please. Thank you. We're not trying to do a backdoor appeal on the merits of a motion to dismiss. We understand that that is not reviewable at this stage. What is reviewable is what we have asked this court to review. And so for that reason, we ask that you grant the relief that we have requested in this appeal, and thank you for your time. Thank you. The court will take this matter under advisement.